UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH BRAGG,

       Plaintiff,                                     Case No.12-12198

v.

                                        HON. AVERN COHN

COUNTY OF MACOMB, et. al.,

       Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C.§ 1983.  Plaintiff, proceeding *pro se*, is a state prisoner.  As will be explained, the complaint does not state a proper claim under § 1983 against any of the defendants.  Accordingly, the complaint will be dismissed without prejudice.

### II. Legal Standard

Plaintiff has been allowed to proceed without prepayment of fees.  *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  Under 28 U.S.C. § 1915(e)(2)(B):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32

(1992).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis

when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799

(E.D. Mich. 2001).

      To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff

must establish that: (1) the defendant acted under color of state law; and (2) the

offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*,

156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If

a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must

fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  The Complaint

      The complaint names as defendants the County of Macomb, Judge

Fratarcangeli, Judge Oster, Warden Heidi Washington, The Reception and Guidance

Center, State of Michigan, Detective Stephen Lathro, and Michigan Department of

Corrections employees Rebekah Bamister, David Katz, and Bodashia Carter.  Plaintiff

claims that he was wrongfully prosecuted and convicted for identity theft crimes.  The

complaint alleges that there was an absence of a probable cause determination, a

failure to properly investigate the crimes, defects in the parol revocation process,

defects in the issuance of an arrest warrant, defects in the criminal complaint, and that

he received the ineffective assistance of defense counsel.  Plaintiff also claims that he

suffers from "numerous serious medical needs . . . which include a head injury, heart

condition, hemipresus, congestive heart problems, clinical depression, and asthma."  He

states that he has been denied medications and medical care for these conditions as a

result of the deliberate indifference and medical malpractice by the Corizon Company,
which he had not named as a defendant.  For relief, Petitioner asks that the "charges
[be] dismissed with prejudice and [that he be] compensated for time spent in prison."

IV.  Discussion

Plaintiff's complaint is subject to dismissal for several reasons.  First, to the
extent that plaintiff seeks monetary damages arising from his criminal conviction or
wrongful imprisonment, he is unable to obtain such damages absent a showing that his
criminal conviction has been overturned.  To recover monetary damages for an
allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that
the conviction or sentence was reversed on direct appeal, expunged by executive order,
declared invalid by a state tribunal, or called into question by the issuance of a federal
writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Here, plaintiff does not allege that his conviction has been overturned, expunged,
or called into question by a writ of habeas corpus.  As such, his allegations relating to
his criminal prosecution, conviction, and incarceration against the defendants fail to
state a claim for which relief may be granted and must, therefore, be dismissed. *See
Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp.
2d 748, 756 (E.D. Mich. 2001).

Where, as here, a prisoner's civil rights claim is barred by *Heck v. Humphrey*, the
appropriate course for a federal district court is to dismiss the complaint without
prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3), rather
than to dismiss the complaint with prejudice as being frivolous, because the former
course of action is not an adjudication on the merits and would allow the prisoner to

3

reassert his claims if his conviction or sentence is latter invalidated.  *See Murphy,* 343
F. Supp. 2d at 609.

Second, to the extent that plaintiff is seeking to have his criminal convictions
vacated or set aside in this civil rights action, the complaint must be dismissed.  Where
a state prisoner is challenging the very fact or duration of his physical imprisonment and
the relief that he seeks is a determination that he or she is entitled to immediate release
or a speedier release from that imprisonment, his sole federal remedy is a petition for
writ of habeas corpus, not a case under section 1983.  *See Preiser v. Rodriguez*, 411
U.S. 475, 500 (1973); *Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002).

Finally, in a coda at the end of his complaint, plaintiff claims that the Corizon
Company–who he alleges is a health care provider for the Michigan Department of
Corrections–acted with deliberate indifference to his medical problems.  Plaintiff,
however, has not named the Corizon Company or any of its employees as defendants,
nor has he alleged that any of the employees of the Department of Corrections he listed
as defendants have any connection to this claim.  It is a basic pleading essential that a
plaintiff attribute factual allegations to particular defendants.  *See Veney v. Hogan*, 70
F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a
particular defendant, it fell "far short of the standard that is necessary to weed out
meritless actions.").  Where a person is named as a defendant without an allegation of
specific conduct, the complaint is subject to dismissal, even under the liberal
construction afforded to *pro se* complaints.  *See Rodriguez v. Jabe*, 904 F.2d 708, 1990
WL 82722, at *1 (6th Cir. 1990) ("Plaintiffs claims against those individuals are without a
basis in law as the complaint is totally devoid of allegations as to them which would

4

suggest their involvement in the events leading to his injuries."). Because Plaintiff does

not allege which defendants are responsible for ignoring his medical conditions, the

complaint must be dismissed because it does not sufficient state a claim against these

defendants.

V.  Conclusion

For the reasons stated above, the complaint is DISMISSED WITHOUT

PREJUDICE.

SO ORDERED.


 S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  June 4, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, June 4, 2012, by electronic and/or ordinary mail.


 S/Julie Owens_____
Case Manager, (313) 234-5160

5