UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH BRAGG,

    Plaintiff,

v.

COUNTY OF MACOMB, et. al.,

    Defendants.
_____/

Case No.12-12198

HON. AVERN COHN

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C.§ 1983. Plaintiff, proceeding *pro se*, is a state prisoner. As will be explained, the complaint does not state a proper claim under § 1983 against any of the defendants. Accordingly, the complaint will be dismissed without prejudice.

### II. Legal Standard

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). Under 28 U.S.C. § 1915(e)(2)(B):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. The Complaint

The complaint names as defendants the County of Macomb, Judge Fratarcangeli, Judge Oster, Warden Heidi Washington, The Reception and Guidance Center, State of Michigan, Detective Stephen Lathro, and Michigan Department of Corrections employees Rebekah Bamister, David Katz, and Bodashia Carter. Plaintiff claims that he was wrongfully prosecuted and convicted for identity theft crimes. The complaint alleges that there was an absence of a probable cause determination, a failure to properly investigate the crimes, defects in the parol revocation process, defects in the issuance of an arrest warrant, defects in the criminal complaint, and that he received the ineffective assistance of defense counsel. Plaintiff also claims that he suffers from "numerous serious medical needs . . . which include a head injury, heart condition, hemipresus, congestive heart problems, clinical depression, and asthma." He states that he has been denied medications and medical care for these conditions as a

result of the deliberate indifference and medical malpractice by the Corizon Company, which he had not named as a defendant. For relief, Petitioner asks that the "charges [be] dismissed with prejudice and [that he be] compensated for time spent in prison."

## IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons. First, to the extent that plaintiff seeks monetary damages arising from his criminal conviction or wrongful imprisonment, he is unable to obtain such damages absent a showing that his criminal conviction has been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Here, plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus. As such, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

Where, as here, a prisoner's civil rights claim is barred by *Heck v. Humphrey*, the appropriate course for a federal district court is to dismiss the complaint without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to

reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609.

Second, to the extent that plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the complaint must be dismissed. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus, not a case under section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002).

Finally, in a coda at the end of his complaint, plaintiff claims that the Corizon Company–who he alleges is a health care provider for the Michigan Department of Corrections–acted with deliberate indifference to his medical problems. Plaintiff, however, has not named the Corizon Company or any of its employees as defendants, nor has he alleged that any of the employees of the Department of Corrections he listed as defendants have any connection to this claim. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions."). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, 904 F.2d 708, 1990 WL 82722, at *1 (6th Cir. 1990) ("Plaintiffs claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would

suggest their involvement in the events leading to his injuries."). Because Plaintiff does not allege which defendants are responsible for ignoring his medical conditions, the complaint must be dismissed because it does not sufficient state a claim against these defendants.

## V.  Conclusion

For the reasons stated above, the complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.


      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  June 4, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 4, 2012, by electronic and/or ordinary mail.

      S/Julie Owens
Case Manager, (313) 234-5160